**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 10-00076

VERSUS          JUDGE S. MAURICE HICKS, JR.

LARRY CAILLIER, II          MAGISTRATE JUDGE HANNA

**MEMORANDUM RULING**

Before the Court is Petitioner Larry Caillier, II's ("Caillier") Motion to Reduce Sentence via Compassionate Release Due to COVID-19 Outbreak at FCI Oakdale. See Record Document 135. The Government has opposed Caillier's motion. See Record Documents 138 & 147. For the reasons set forth below, Caillier's Motion to Reduce Sentence via Compassionate Release is hereby **DENIED**.

**BACKGROUND**

In July 2010, Caillier plead guilty before a Magistrate Judge to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). See Record Documents 45 & 50. The evidence presented in the written factual basis shows that while Caillier was a teacher at Opelousas High School, he approached a 15 year old student at school and they began to text. See Record Document 50-2. During their texting, Caillier asked the minor for sexually explicit images of herself. See id. Caillier instructed the minor not to take a picture of her face because that is how he could get in trouble. See id. At Caillier's request, the minor took several images of herself including sexually explicit images and sent them to him. See id. The district judge adopted the Report and Recommendation on the guilty plea in November 2010. See Record Document 52.

On November 30, 2010, Caillier was sentenced to 168 months in prison followed by 15 years supervised release. See Record Documents 61, 63, & 64. In addition to the evidence set forth in the written factual basis, the Presentence Report contained information that Caillier and the minor were discussing the possibility of the minor sneaking out of the house for them to meet for possible sexual reasons. See Record Document 74. Caillier is currently incarcerated at FCI Oakdale I. His projected release date is February 22, 2022.

Caillier filed the instant motion on April 24, 2020. See Record Document 135. Attached to his motion was a formal request to the Warden made on April 24, 2020 by Caillier's attorney for the release of Caillier pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On July 6, 2020, this Court entered a Minute Entry stating:

> Here, it appears there has been no full exhaustion within the BOP; yet, there has been a lapse of thirty days since Caillier's attorney filed a motion for compassionate release with the Warden. Thus, this Court believes it has authority over Caillier's motion. See U.S. v. Graham, No. 12-184-01, 2020 WL 3053106 (W.D. La. June 8, 2020) ("Thus, Graham satisfied the requirements of §3582(c)(1)(A) by waiting thirty days after filing his request with the warden and the Court will address the merits of his motion."). The Government is hereby directed to file a response no later than **July 17, 2020** addressing whether Caillier has presented "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A) and whether Caillier presents "a danger to the safety of another person or to the community" under U.S.S.G. § 1B1.13(2).

Record Document 146. The Government timely responded on July 16, 2020. See Record Document 147.

## LAW AND ANALYSIS

**I.   Compassionate Release**

Caillier argues that he is especially vulnerable to the threat of COVID-19 because he suffers from diagnosed asthma, for which he is prescribed Albuterol. See Record

Document 135 at 2. He believes that allowing him to finish out his sentence at home "is the only prudent response to the extraordinary and compelling circumstances created by the rampant spread of the novel coronavirus at FCI Oakdale." Id. Caillier also notes that he has already served over 70% of his full term sentence and over 90% of his sentence under good time credit. See id.[1]

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Caillier moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President

---

[1] The Court also notes that several letters in support of Caillier's request for compassionate release have also been filed in the record and reviewed by the Court. See Record Documents 144 & 145.

Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). As stated previously, the Court has determined that Caillier has exhausted his administrative remedies under the First Step Act because of the lapse of 30 days.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Caillier's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13. Application Note 1 of the U.S.S.G. § 1B1.13 sets forth

what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

> (A) Medical Condition of the Defendant. –
>
> > (i) The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is –
> >
> > > (I) suffering from a serious physical or mental condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.
>
> (D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[2] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions

---

[2] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19. Similarly, in light of the COVID-19 pandemic, a defendant "experiencing a serious deterioration in physical or mental health because of the aging process" may be found to have a substantially diminished ability to provide self-care within the environment of a correctional facility, even in instances where the defendant's age-related decline in health otherwise would not have qualified under Section 3582(c)(1)(A).

Even the Government concedes that "moderate to severe asthma" is a condition that might put a person at an increased risk for severe illness from COVID-19. See Centers for Disease Control and Prevention, People with Certain Medical Conditions (last updated November 2, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 11/23/20). Milder forms of asthma do not appear on the CDC's list at all. See id. Yet here, Caillier has not provided medical documentation to support his asserted medical condition and there is no way for this Court to determine if his asthma is mild, moderate, or severe. Because he bears the burden of establishing an entitlement to sentence reduction, Caillier's motion may be denied on this basis alone. See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020).

Notwithstanding, even if this Court were to assume Caillier met the "extraordinary and compelling reasons" standard because of his medical condition, this Court believes granting Caillier's release would not comport with the factors enumerated in Section 3553(a) and would present a possible danger to the community. Caillier, a high school

teacher, admitted that he asked a minor student for sexually explicit images of herself. See Record Document 50-2. He instructed the minor not to take a picture of her face because that is how he could get in trouble. See id. At Caillier's request, the minor took several images of herself including sexually explicit images and sent them to him. See id. Regardless of whether Caillier and the minor were discussing the possibility of the minor sneaking out of the house for them to meet for possible sexual reasons, this Court believes Caillier's offense conduct evidences he is a danger to the community. He was in a position of power and control and his actions were predatory toward the minor student.

Moreover, a reduced sentence simply would not reflect the seriousness of Caillier's offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of the defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Caillier's Motion for Compassionate Release (Record Document 135) is hereby **DENIED**. An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of November, 2020.

                                                                S. MAURICE HICKS, JR., CHIEF JUDGE
                                                                UNITED STATES DISTRICT COURT